UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| ROBERT SATTERFIELD,  )  <br>    )  <br>   Plaintiff,  )  <br>    )  <br> v.   )  <br>    )   CAUSE NO:  1:18-cv-263  <br> LAND O' LAKES, INC.  )  <br>    )  <br>   Defendant.  )  | |

**COMPLAINT AND DEMAND FOR JURY TRIAL**

### I. Nature of the Case

The plaintiff, Robert Satterfield, brings this action against his former employer, Land O' Lakes, Inc. (hereinafter "Defendant"), alleging that Defendant violated his rights under the Americans With Disabilities Act Amendments Act ("ADAAA" or "ADA"), 42 U.S.C. § 12101 *et seq.*, and the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 623 *et seq.*

### II. Parties

1. Satterfield has resided within the Southern District of the State of Indiana at all relevant times.

2. Defendant is located within the Southern District of Indiana.

### III. Jurisdiction and Venue

3. Defendant is an "employer" within the meaning of 42 U.S.C. § 12111(5)(A) and 29 U.S.C. § 630(b).

4. Satterfield was an "employee" within the meaning of 42 U.S.C. § 12111(4) and 29 U.S.C. § 630(f).

5. Jurisdiction is conferred on this Court by 28 U.S.C. § 1331; 28 U.S.C. § 1343; 42

U.S.C. § 12117; and 29 U.S.C. § 630(b).

6. At all times relevant, Satterfield is a qualified individual with a disability, is regarded as disabled by Defendant, and/or has a record of disability.

7. At all times relevant, Satterfield is within the protected age group as defined by the ADEA.

8. Satterfield satisfied his obligations to exhaust his administrative remedies, having timely filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC"). Satterfield received his right-to-sue notice from the EEOC and now timely files his lawsuit.

9. Venue is proper in this Court.

### IV. Factual Allegations

10. Satterfield began working for Ralston Purina in 1974. Throughout the years, the company was purchased and sold by various companies, and Mr. Satterfield became employed by Defendant in or about 1995 when it purchased the company.

11. Satterfield held the position of Warehouse/Distribution Center Supervisor for approximately 17 years until Defendant terminated his employment for alleged poor performance.

12. While serving as the Warehouse/Distribution Center Supervisor, Satterfield performed his job duties in a competent and satisfactory manner, carrying out the essential functions of the job.

13. Satterfield suffers from multiple disabilities, including, but not limited to, arthritis and residual limitations and afflictions from previously sustained injuries to his elbow and foot.

2

14. Satterfield's disabilities substantially limit certain major life activities, including, but not limited to standing, walking, and lifting.

15. In or about 2014, Satterfield began reporting to a new supervisor, Norm Crosby, who is substantially younger than him.

16. At or around that same time, Crosby began reporting to Walter Smith, who is also substantially younger than Satterfield.

17. In 2015 and 2016, Crosby began reducing Satterfield's duties and taking away his responsibilities.

18. On or about February 28 2017, Defendant gave Satterfield a poor performance review and placed him on a performance improvement plan ("PIP").

19. At or around the same time, Defendant lost multiple 3rd shift employees, and Satterfield assumed all 3rd shift lead responsibilities.

20. During meetings concerning his PIP, Satterfield repeatedly asked Crosby and Smith how Defendant expected him to complete the requirements of his PIP, while working on the third shift, which was short staffed.

21. Defendant did not return Satterfield to his normal, first shift position until the final week of his PIP.

22. On or about April 20, 2017, Defendant terminated Satterfield for allegedly failing to meet the requirements of the PIP.

23. Satterfield was 60 years old at the time of his termination.

24. During the termination meeting, Smith mentioned multiple times that Satterfield qualified for retirement.

25. Satterfield was replaced and/or his duties were assumed by a substantially younger and/or non-disabled employee.

26. Defendant has accorded more favorable treatment to similarly-situated employees not in Satterfield's protected class(es).

27. All reasons proffered by Defendant for adverse actions taken by it regarding Satterfield's employment are pretextual.

28. Satterfield has suffered, and continues to suffer, harm as a result of Defendant's unlawful actions.

## V. Causes of Action

### COUNT I

### DISABILITY DISCRIMINATION – ADAAA

29. Satterfield hereby incorporates paragraphs 1 - 28 of his Complaint.

30. Defendant took unlawful actions against Satterfield, including, but not limited to, when it terminated his employment based on his disability, his record of disability, and/or Defendant's perception that he is disabled.

31. Defendant failed and refused to apply the same standard to Satterfield as it has applied to similarly situated employees who are not disabled, who it does not perceive to be disabled, and/or who do not have a record of disability.

32. Defendant's actions, as alleged above, deprived Satterfield of equal employment opportunities and otherwise adversely affected the terms and conditions of his employment.

33. The acts alleged above constitute unlawful employment practices in violation of the ADAAA.

34. Satterfield has suffered damages as a result of Defendant's unlawful conduct, including lost wages and benefits, mental anguish, and emotional distress.

35. Defendant's unlawful actions against Satterfield were intentional, willful, and done in reckless disregard of Satterfield's rights as protected by the ADAAA.

## COUNT II

## AGE DISCRIMINATION – ADEA

36. Satterfield hereby incorporates paragraphs 1 - 35 of his Complaint.

37. Defendant took unlawful actions against Satterfield, including, but not limited to, when it terminated his employment based on his age.

38. Defendant failed and refused to apply the same standard to Satterfield as it has applied to similarly situated employees who are substantially younger than him.

39. Defendant's actions, as alleged above, deprived Satterfield of equal employment opportunities and otherwise adversely affected the terms and conditions of his employment.

40. The acts alleged above constitute unlawful employment practices in violation of the ADEA.

41. Satterfield has suffered damages as a result of Defendant's unlawful conduct, including lost wages and benefits.

42. Defendant's unlawful actions against Satterfield were intentional, willful, and done in reckless disregard of Satterfield's rights as protected by the ADEA.

## VI. Relief Requested

WHEREFORE, Plaintiff, Robert Satterfield, by counsel, respectfully requests that this

Court find for him and order that:

1. Defendant reinstate Satterfield to the same position, salary, and seniority, or pay front pay and benefits to Satterfield in lieu of reinstatement;

2. Defendant pay lost wages and benefits to Satterfield;

3. Defendant pay liquidated damages to Satterfield;

4. Defendant pay compensatory and punitive damages to Satterfield;

5. Defendant pay pre- and post-judgment interest to Satterfield;

6. Defendant pay Satterfield's attorneys' fees and costs incurred in litigating this action; and

7. Defendant pay to Satterfield any and all other legal and/or equitable damages that this Court determines appropriate and just to grant.

Respectfully submitted,

*s/ Jason P. Cleveland*
Jason P. Cleveland (24126-53)
CLEVELAND LEHNER CASSIDY
8250 Haverstick Road, Suite 235
Indianapolis, IN 46240
Tel: 317-388-5424
Fax: 317-947-1863
Email: jason@clcattorneys.com

## DEMAND FOR JURY TRIAL

The Plaintiff, Robert Satterfield, by counsel, respectfully requests a jury trial as to all issues deemed so triable.

Respectfully submitted,

s/ Jason P. Cleveland
Jason P. Cleveland (24126-53)